UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynda Edwards and Richard Edwards,<br><br>   Plaintiffs,<br><br>vs.<br><br>Cybex International, Inc.,<br><br>   Defendant. | Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Cybex International, Inc. (hereinafter "Cybex"), by and through its counsel of record, files this Notice of Removal, removing the above-captioned action from the New York Supreme Court of Westchester County (Index No.: 56170/2022) to the United States District Court for the Southern District of New York. Removal is based upon federal question jurisdiction because Plaintiffs assert a cause of action arising under the U.S. Consumer Product Safety Act (*see* 15 U.S.C. §§ 2051-2089). Plaintiffs' remaining state law claims are subject to this Court's supplemental jurisdiction.

### I.  INITIATION OF THIS ACTION

1. On February 4, 2022, Plaintiffs Lynda Edwards and Richard Edwards (hereinafter the "Plaintiffs") commenced a civil action in the New York Supreme Court of Westchester County (Index No.: 56170/2022) by filing a Complaint ("the Action"). (*See* Exhibit 1 attached hereto).

2. Cybex, through its registered service of process agent, was served with this Complaint on March 11, 2022. (*See* Exhibit 2 attached hereto).

3. This Action is the subject of this Notice of Removal.

## II.  GROUNDS FOR REMOVAL

4. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending."

### A. This Court has Federal Question Jurisdiction over Count VI of Plaintiffs' Complaint Because it Purports to Arise Under Federal Law.

5. Removal of this Action is proper under 28 U.S.C. § 1331(a), which provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is referred to as "federal question jurisdiction." *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987).

6. "Federal question jurisdiction exists whenever the complaint states a cause of action under federal law…" *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 701 (2d Cir. 2000). *See also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) ("federal-question jurisdiction is invoked…by plaintiffs pleading a cause of action created by federal law.").

7. In this Action, Count VI of Plaintiffs' Complaint asserts a claim described as "Violation of US Consumer Product Safety Act Reporting Requirement"

stemming from an alleged "violation of the reporting requirements as set forth in 16 C.F.R. pt. 1115." (Ex. 1 at ¶¶ 25-28). *See also* 15 U.S.C. § 2064.

8. Plaintiffs further contend that they are "entitled to damages enumerated in the US Consumer Product Safety Act including reasonable attorney fees and costs incurred…" (*Id.* at ¶ 27). *See also* 15 U.S.C. § 2072.

9. Because Plaintiffs assert a claim purported to arise under federal law, federal district courts have subject matter jurisdiction to hear its resolution and the claim is therefore properly removed before this Court.

**B.   This Court has Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claims.**

10. Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction" over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

11. "Normally, under the supplemental jurisdiction statute, 28 U.S.C. § 1367, if federal question jurisdiction is satisfied by one cause of action, then the court may exercise supplemental jurisdiction over other causes of action that are part of the same case or controversy…" *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D. N.Y. 2010).

12. Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011).

13. In this Action, Plaintiffs' remaining state-law claims all arise under the same common nucleus of operative fact as Plaintiffs' claim for "Violation of US Consumer Product Safety Act Reporting Requirement." (Ex. 1 at ¶¶ 7-30). Each seeks damages related to injuries allegedly sustained while "using the Cybex Leg Press" on February 4, 2019. (*Id.* at ¶ 5).

14. No compelling reasons exist for the Court to decline to exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

15. As a result, the Court has supplemental jurisdiction over Plaintiffs' remaining state law claims.

### III.   TIMELINESS OF REMOVAL

16. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed by Cybex within thirty (30) days after service of Plaintiffs' Complaint.

17. Contemporaneous with the filing of this Notice of Removal, Cybex will promptly file a written notice thereof to Plaintiffs and file a copy of this Notice of Removal with the Clerk of the New York Supreme Court of Westchester County.

### IV.   VENUE

18. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because it embraces the New York Supreme Court of Westchester County where the Action has been pending.

## V.     CONSENT

19. Section 1446(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

20. Cybex is the only defendant named in the Action. Cybex is represented by the undersigned counsel and consents to removal of this Action.

**WHEREFORE**, for all of the foregoing reasons, this case is removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because the Action invokes federal question subject matter jurisdiction.

Date: April 11, 2022

/s/ *Matthew A. Beyer*
Matthew A. Beyer
(NY Atty #5211479)
Michelle R. Gilboe (*pro hac vice* forthcoming)
Kyle D. Nelson (*pro hac vice* forthcoming)
Lewis Brisbois Bisgaard & Smith LLP
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 428-5000
Matthew.Beyer@lewisbrisbois.com
Michelle.Gilboe@lewisbrisbois.com
Kyle.Nelson@lewisbrisbois.com
*Attorneys for Defendant Cybex International, Inc.*