UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynda Edwards and Richard Edwards,<br><br>Plaintiffs,<br><br>vs.<br><br>Cybex International, Inc.,<br><br>Defendant. | Case No.: 7:22-cv-02985-KMK<br><br><br>**STIPULATION FOR PROTECTIVE ORDER** |

WHEREAS the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Definitions.** As used in this protective order:

    (a) "Attorney," means an attorney who has appeared in this action;

    (b) "Confidential Document," means a document designated as confidential under this Protective Order;

    (c) To "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)    "Document," means information disclosed or produced in discovery, including at a deposition;

    (e)    "Notice," or "Notify," means written and express notice;

    (f)    "Party," means a party to this action; and

    (g)    "Protected Document," means a document protected by a privilege or the work-product doctrine.

2.    **Scope.** All material produced or adduced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, the content of electronically stored information, tangible thing(s), writings, papers, models, photographs, film, videotapes, transcript of oral testimony whether printed, recorded, or produced by hand or any other mechanical process, and information derived directly therefrom shall by subject to this Stipulated Protective Order.

3.    **Designating a Document or Deposition as Confidential.**

    (a)    A party or non-party disclosing or producing a document or information may designate it as confidential if the party or non-party contends that it contains: (1) information prohibited from disclosure by statute; (2) information that reveals trade secrets; (3) research, technical, commercial, or financial information that the party has maintained as confidential; (4) medical information concerning any individual; (5) personal identity information; (6) personnel or employment records of a person who is not a party to this case; (7) information or materials gathered from non-public investigations conducted by internal or external persons or bodies; or (8) any other form or

category of information that public disclosure of which would be unreasonably harmful or burdensome to the producing party.

(b) A party or non-party may designate a document as confidential for protection under this Order by conspicuously placing or affixing the words "CONFIDENTIAL" on the document and on all copies thereof, in a manner that will not interfere with the legibility of said document.

(c) Deposition testimony may be designated as confidential:

(1) Identify on the record, before the close of the deposition, all "Confidential" testimony, by specifying all portions of the testimony that qualify as "Confidential"; or

(2) up to 30 days after the deposition, by notifying the parties and those who were present at the deposition, that the entirety of the testimony at the deposition is designated as "Confidential."

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**4.   Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action, including any appeal therefore.

(b) No person receiving a confidential document may reveal it or its contents, except to:

(1) The court and its staff;

(2) An attorney or an attorney's partner, associate, or staff;

(3) A person shown on the face of the confidential document to have authored or received it;

(4) A court reporter or videographer retained in connection with this action;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of the documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5) Witnesses at Depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of the documents designated as Confidential, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, but must promptly return any exhibit containing materials designed as Confidential.

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in **Appendix A**. Counsel for all parties shall maintain such certification and shall provide copies to

       them to opposing counsel within sixty (60) days following the conclusion of the case;

(7)   Others by Consent. Other persons only by written express content of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)   A party may supplement the "confidential" mark (see paragraph 3(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d)   If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

5. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to do so designate the document. If a party designates a document as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

7. **Use of a Confidential Document in Court.**

(a)   **Filing.** This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the applicable New York court rules.

(b) **Presentation at a Hearing or Proceeding.** A party intending to present another party's or a non-party's confidential document at a hearing or other court proceeding must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

(c) **Use of Confidential Documents or Information at Trial.** Absent further order of the Court with respect to treatment of confidential documents or information at trial, this Stipulated Protective Order shall not apply to any materials once they are introduced at trial and made part of the trial record in this case. In the event this matter goes to trial, the parties shall prepare and submit to this Court for entry a separate order regarding treatment of confidential documents or information during trial.

8. **Changing a Confidential Document's Designation.**

   (a) **Document disclosed or produced by a party.** A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b) **Document produced by a non-party.** A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c) **Changing a designation by court order.** A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party

then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.

9. **Handling a Confidential Document after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents; and

    (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b) Notwithstanding this provision, each attorney may retain a copy of any confidential document submitted to the court.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (b) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

11. **Security Precautions and Data Breaches.**

    (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

13. **Personal Jurisdiction.** Any person who reviews the Confidential documents or information produced and subject to this Stipulated Protective Order agrees to the jurisdiction over their person where the above-captioned matter is pending for the purposes of any action to enforce the terms of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and the persons made subject to this Order by its terms, and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, agents, or other persons or organization over which they have control. Failure to abide by the terms of this Stipulated Protective Order may result in a motion for sanctions costs, and attorney's fees, and any other appropriate legal action by or on behalf of any other party.

Date: December 8, 2022

Stipulated to:

/s/Allison B. Lane
Allison B. Lane (*pro hac vice*)
Lane & Ducheine, P.L.
930 South State Road 7
Plantation, Florida 33317
Telephone: (954) 289-8574
lane@rightstojustice.com

Michael S. Mosscrop
Franklin, Gringer & Cohen, P.C.
Old Country Road, Suite 202
Garden City, New York 11530
Telephone: (516) 228-3131
mmosscrop@franklingringer.com
*Attorneys for Plaintiffs*
*Lynda Edwards & Richard Edwards*

/s/ Matthew A. Beyer
Matthew A. Beyer (NY Atty #5211479
Michelle R. Gilboe (*pro hac vice*)
Lewis Brisbois Bisgaard & Smith LLP
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 428-5000
Matthew.Beyer@lewisbrisbois.com
Michelle.Gilboe@lewisbrisbois.com
*Attorneys for Defendant Cybex*
*International, Inc.*

SO ORDERED.
_____

Hon. Paul E. Davison

United States Magistrate Judge

12/8/22

# APPENDIX A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynda Edwards and Richard Edwards, <br><br> Plaintiffs, <br><br> vs. <br><br> Cybex International, Inc., <br><br> Defendant. | Case No.: 7:22-cv-02985-KMK <br><br> **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

I, _____, declare under penalty of perjury that the following is true and correct:

1. My name and business address are:

_____.

2. I have read and fully understand the attached Stipulated Protective Order.

3. I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Protective Order, and submit to the jurisdiction of the Court in which this matter is pending for any proceedings with respect to said Stipulated Protective Order.

4. Within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action, I agree to return to counsel for producing party or destroy my copies of all Confidential documents and information received under this Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information.

EXECUTED this \_\_\_\_ day of _____.

_____
Signature of Declarant